J-A02028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAEL BROWN | : | |
| | : | |
| Appellant | : | No. 638 WDA 2025 |

Appeal from the PCRA Order Entered April 29, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000623-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAEL BROWN | : | |
| | : | |
| Appellant | : | No. 639 WDA 2025 |

Appeal from the PCRA Order Entered April 29, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000624-2016

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  February 4, 2026**

In these consolidated appeals, Lael Brown (Appellant) appeals from the order denying, as untimely filed, his second Post Conviction Relief Act (PCRA) petition.  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 11, 2016, Appellant entered open guilty pleas at two separate trial court dockets, CP-65-CR-623-2016 (Case 623) and CP-65-CR-624-2016

(Case 624).[1]  Appellant was represented by Alan Manderino, Esquire (plea counsel).  At Case 623, Appellant entered guilty pleas to two counts each of burglary, theft by unlawful taking, and theft by receiving stolen property, as well as one count of criminal mischief.[2]  At Case 624, Appellant pled guilty to one count each of theft by unlawful taking, theft by receiving stolen property, and criminal conspiracy.[3]  The trial court accepted Appellant's pleas as knowingly, intelligently, and voluntarily tendered, following oral and written guilty plea colloquies.  **See** N.T., 7/11/16, at 4-10; **see also generally** Guilty Plea Petition, 7/11/16.

The trial court conducted a consolidated sentencing hearing on October 11, 2016.[4]  Prior to the imposition of sentence, plea counsel stated Appellant desired to address the court, averring "[Appellant] has mental health issues and significant compromise to his cognitive functions …."  N.T., 10/11/16, at 3-4.  Plea counsel then questioned Appellant, "[W]ere you diagnosed with mental or emotional illness of any kind?"  **Id.** at 7.  Appellant replied that he had been diagnosed with bipolar disorder and asserted he also had a "learning

_____

[1] The facts underlying Appellant's crimes are not pertinent to this appeal.  In short, in January 2014, Appellant stole jewelry from an individual; one month later, he burglarized a business.  **See** N.T. (guilty plea), 7/11/16, at 4-5, 8-9.

[2] 18 Pa.C.S.A. §§ 3502(a)(1) and (a)(4), 3921(a), 3925(a), 3304(a)(5).

[3] 18 Pa.C.S.A. §§ 3921(a), 3925(a), 903(a).

[4] The sentencing court had the benefit of a presentence investigation (PSI) report, which is not included in the certified record.

disability[.]"[5]  *Id.*; *see also id.* (Appellant confirming that he occasionally suffered from "psychotic episodes where [he heard] things").  Appellant maintained that, based on these conditions, he had received Social Security disability payments for "[m]ostly all my life."  *Id.* at 6; *see also id.* at 7 (Appellant stating he "[s]omewhat" had sought treatment for these conditions).  Finally, Appellant alleged he was addicted to illicit substances at the time of his underlying offenses and committed the crimes to sustain his drug habit.  *Id.* at 6, 8.

The trial court then imposed sentence,[6] expressly stating, "**I understand the history of mental health problems and** [**Appellant's**] **diagnosis**, and I also understand [Appellant's] history of drug and alcohol problem[s]."  *Id.* at 10 (emphasis added).  At Case 623, the trial court imposed an aggregate sentence of 4 to 20 years' imprisonment.  At Case 624, the court sentenced Appellant to 21 months to 7 years' imprisonment, concurrent with the sentence imposed for Case 623, and ordered him to pay $25,000 in restitution to the victim.  The trial court explained that it deemed

_____

[5] At his guilty plea hearing, Appellant presented no testimony regarding a mental health condition.  **See generally** N.T., 7/11/16.  However, in his written Guilty Plea Petition filed the same date of his pleas, Appellant stated he had previously received mental health treatment for bipolar disorder and an unspecified "learning disability."  Guilty Plea Petition, 7/11/16, ¶ 11(d); **see also id.** ¶ 13 (Appellant stating he took prescription medications for bipolar disorder and depression).

[6] The same trial court judge who accepted Appellant's guilty pleas, the Honorable Christopher Feliciani, presided at sentencing.

- 3 -

it appropriate to "sentence [Appellant] in the mitigated range in light of [his] mental health and drug and alcohol history." *Id.* at 13; *see also id.* at 11 (same).

Appellant did not file post-sentence motions. Moreover, at no time did Appellant request to withdraw his guilty pleas.

The PCRA court explained the ensuing procedural history as follows:

> On April 28, 2017, [Appellant] filed an untimely *pro se* Notice of Appeal to the Pennsylvania Superior Court[7] and a Petition for Allowance of Appeal. In the Petition for Allowance of Appeal, [Appellant] essentially sought to reinstate his direct appeal rights so that he could argue that his [plea] counsel … was ineffective. [Appellant] requested a sentence reduction or a new trial. [Appellant] alleged that he is entitled to such relief because [plea counsel] did not fully explain the consequences of an open plea, did not make [Appellant] aware of his right to appeal his sentence, and took advantage of his learning disability.

PCRA Court Opinion and Order, 5/31/17, at 2 (unpaginated) (footnote added).

The PCRA court properly construed Appellant's Petition for Allowance of Appeal as a PCRA petition. *See* Order, 4/10/18, at 5 (stating that although Appellant "had not formally filed a *pro se* or counseled [PCRA] petition …, the [PCRA] court treats [Appellant's] … Petition for Allowance of Appeal as" a first PCRA petition); *see also id.* (citing *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) ("It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be

---

[7] This Court dismissed Appellant's appeal for his failure to file a brief. Order, 8/25/17.

considered a PCRA petition.")).  The PCRA court appointed Timothy Andrews, Esquire (prior PCRA counsel), to represent Appellant.

On January 10, 2018, prior PCRA counsel filed an application to withdraw from representation and a "no-merit" letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Prior PCRA counsel stated that following his review of the record, he determined that Appellant's claim of plea counsel's ineffectiveness was wholly frivolous.  Prior PCRA counsel asserted (1) Appellant entered his guilty pleas knowingly, intelligently and voluntarily, following oral and written plea colloquies; (2) "the transcript of the guilty plea, as well as the sentencing transcript, shows no indication that [Appellant] was not able to understand the nature of his actions at the time of the plea or at sentencing"; and (3) "at no time did [Appellant] express any desire to withdraw his plea[.]"  No-Merit Letter, 1/10/18, at 2, 3 (unpaginated) (some capitalization and punctuation modified).

On April 10, 2018, after providing Appellant appropriate notice pursuant to Pa.R.Crim.P. 907(a), the PCRA court dismissed Appellant's PCRA petition and granted prior PCRA counsel permission to withdraw.  Appellant did not appeal.

On September 16, 2024, over four years later and with no intervening docket activity, Appellant filed the instant PCRA petition, his second, through

new PCRA counsel, Herbert Terrell, Esquire (PCRA counsel).[8] Appellant conceded that his petition was facially untimely, as he filed it over six years after his judgment of sentence became final. PCRA Petition, 9/16/24, at 3; *see also* 42 Pa.C.S.A. § 9545(b)(1) (providing all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final). However, Appellant claimed that his "petition should be excepted from any untimeliness based upon [42 Pa.C.S.A. § ]9545(b)(1)(ii)[,]" *i.e.*, the PCRA's "newly-discovered fact" time-bar exception, discussed *infra*. Appellant identified, as newly-discovered facts,

> a) [Appellant] was considered or treated by [prior PCRA] counsel and [the PCRA] court as a person who suffered from a "learning disability," which was erroneous; and, b) [Appellant], in fact, suffered from [the] severe mental disease of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, including mental defect of Intellectual Developmental Disorder.

PCRA Petition, 9/16/24, at 3 (some capitalization and punctuation modified). According to Appellant, "the record is absent of any clear showing with medico-psychiatric evidence, notwithstanding [Appellant's guilty] plea to the offenses, that [his] plea was not 'colored' by his diminished mental state." *Id.* at 4. Appellant further claimed that both plea counsel and prior PCRA counsel were ineffective in multiple respects. *See id.* at 8-14.

On November 11, 2024, Appellant filed a motion requesting the PCRA court to schedule an evidentiary hearing on his PCRA petition. The PCRA court

---

[8] PCRA counsel also represents Appellant on appeal.

granted the motion and scheduled an evidentiary hearing for April 28, 2025. Order, 11/20/24; Order, 4/2/25.

On April 22, 2025, the Commonwealth filed a motion to dismiss Appellant's petition (Motion to Dismiss). The PCRA court scheduled the matter for a hearing. Order, 4/24/25. On April 24, 2025, Appellant filed a response to the Motion to Dismiss.

By its opinion and order entered April 29, 2025, the PCRA court denied Appellant's second PCRA petition.[9, 10] The court concluded it lacked jurisdiction to address the petition because it was untimely filed and Appellant failed to meet the requirements of any time-bar exception. Opinion and Order, 4/29/25, at 2; *see also* 42 Pa.C.S.A. § 9545(b)(i-iii) (PCRA's three statutory time-bar exceptions, discussed *infra*). Pertinent to the instant appeal, the PCRA court further opined that

---

[9] In its opinion and order, the PCRA court maintains it "conduct[ed] a hearing" on the PCRA petition prior to denying it. Opinion and Order, 4/29/25, at 1; *see also* PCRA Court Rule 1925(a) Opinion, 6/25/25, at 6-7 (PCRA court asserting that "[a]t the **hearing conducted on April 28, 2025**, [PCRA] counsel stated [that Appellant]: 'ha[s] a disability, a severe disability, a lifelong disability. He was under the treatment of a psychiatrist at the time these criminal acts occurred…[.]'" (emphasis added; internal quotation marks modified)). Accordingly, the PCRA court did not issue a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. However, **the certified record contains no transcript for the purported April 28, 2025, hearing**, nor does the PCRA court's docket reflect the filing of a transcript or a hearing on that date. *See Commonwealth v. Holston*, 211 A.3d 1264, 1275 (Pa. Super. 2019) (*en banc*) ("[W]hat is not contained in the certified record does not exist for purposes of our review." (citations and quotation marks omitted)).

Furthermore, we need not determine whether the PCRA court's failure to issue a Rule 907 notice constituted reversible error, as Appellant has not challenged this omission on appeal. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver." (citing *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007)). "Moreover, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).

[10] By order entered April 28, 2025, the PCRA court granted the Commonwealth's Motion to Dismiss.

even if [Appellant's] petition had been timely [filed], it does not appear that [he] complied with 42 Pa.C.S.A. § 9545(d)(1)[,] which [governs requests for PCRA evidentiary hearings and] states the PCRA petition "shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony" and include any documents material to that witness's testimony …. [**Id.**] Therefore, [Appellant's] failure to comply with [Section 9545(d)(1)] results in any evidence seeking to be entered by any proposed witness to be inadmissible.

Opinion and Order, 4/29/25, at 2-3.

On May 22, 2025, Appellant timely filed separate notices of appeal at Case 623 and Case 624, in compliance with **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (requiring appellants to file separate notices of appeal when "a single order resolves issues arising on more than one docket").[11] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

1. [Whether the PCRA] court erred or abused its discretion in dismissing the PCRA petition by failing or refusing to address [Appellant's] claim of mental illness as a newly[-]discovered fact, excepting review of the petition from untimeliness?

2. [Whether the PCRA] court erred or abused its discretion by dismissing the PCRA petition by ruling [that Appellant] did not act diligently in bringing his petition, when [Appellant] suffered from the fact of incarceration and mental illness disability?

3. [Whether the PCRA] court erred or abused its discretion by not granting [Appellant an evidentiary] hearing based upon the requirements of 42 Pa.C.S.A. § 9545(d)?

---

[11] This Court *sua sponte* consolidated the appeals. Order, 6/16/25; **see also** Pa.R.A.P. 513.

- 9 -

Appellant's Brief at 2 (some capitalization and punctuation modified).

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." **Commonwealth v. Johnson**, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). In conducting our review, we

> consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Pointer**, ___ A.3d ___, 2025 Pa. Super. LEXIS 554, *22-23 (Pa. Super. filed Dec. 2, 2025) (quoting **Commonwealth v. Pander**, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*)).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1); **see also id.** § 9545(b)(3) (providing a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." **Commonwealth v. Whiteman**, 204 A.3d 448, 450 (Pa. Super. 2019)

- 10 -

(citation omitted). "Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

However, a petitioner may overcome the time-bar by pleading and proving one of the PCRA's three exceptions codified in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Specifically, an untimely PCRA petition may be considered timely if a petitioner alleges and proves (i) governmental interference with the presentation of his claims; (ii) discovery of previously unknown facts which could not have been discovered with due diligence; or (iii) a newly-recognized constitutional right given retroactive application. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Additionally, any PCRA petition invoking a timeliness exception must establish that the petitioner invoked the exception within one year of the date the claim could have been first presented. *Id.* § 9545(b)(2).

Instantly, it is undisputed that Appellant's second PCRA petition is facially untimely, as he filed it over six years after his judgment of sentence became final. *See generally* Appellant's Brief; *see also* PCRA Petition, 9/16/24, at 3 (Appellant conceding the petition's facial untimeliness).

However, Appellant claims, in his first and second issues,[12] he pled and proved the requirements of the newly-discovered fact exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also* Appellant's Brief at 11-31. This exception permits an otherwise untimely PCRA petition to be filed if the petitioner pleads and proves that "(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (citation and brackets omitted); *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii) (same). Regarding the second prong, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Mickeals*, 335 A.3d 13, 24 (Pa. Super. 2025) (citation omitted); *see also Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) ("[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." (footnote omitted)). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Burton*, 121 A.3d at 1071.

---

[12] We address Appellant's first and second issues together, as each challenges the PCRA court's determination that his petition was untimely filed and did not prove any exception to the PCRA's jurisdictional time-bar.

Our Supreme Court has explained that the focus of the newly-discovered fact exception) "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation and emphasis omitted); *see also Mickeals*, 335 A.3d at 24 ("[**N**]**ew sources of previously known facts do not satisfy the newly-discovered fact exception.**" (citation omitted; emphasis added)).

> Thus, while recently discovered evidence may reveal new facts, or even itself establish a new fact in some situations, whether a petitioner meets the requirements of the newly discovered facts exception ultimately turns on the petitioner's knowledge of previously unknown facts, not new evidence of a known fact, related to his claim.

*Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) (footnote omitted).

Here, Appellant claims the PCRA erred in determining that his facially untimely PCRA petition did not meet the requirements of the newly-discovered fact exception. *See* Appellant's Brief at 11-30. Appellant asserts that the "cornerstone of [his PCRA p]etition was that his [plea] counsel and [prior PCRA counsel] were ineffective" in relation to Appellant's claim of an invalid guilty plea, based on his mental health conditions. *Id.* at 17; *see also id.* at 11 (Appellant asserting his instant PCRA petition constituted his "first opportunity to challenge [plea] counsel and [prior PCRA] counsel's ineffectiveness."); *id.* at 30 (asserting Appellant "remained functionally without counsel from the time of his arrest to the time when [PCRA] counsel researched, interviewed

- 13 -

witnesses, and obtained the psychiatric records." (citations omitted)). Appellant claims "neither []plea counsel, the [PCRA c]ourt or [prior PCRA] counsel fully considered [Appellant's] historic illnesses *prior to the entry of the guilty plea*." ***Id.*** at 14-15 (emphasis in original).

> According to Appellant, he
>
> was presented to the [trial c]ourt with only suffering from a "learning disability." While it cannot be belatedly urged that [Appellant] was mentally incompetent during the relevant times, it is urged [that his] mental illness, combined with his borderline intelligent functioning level, cast serious doubt upon the voluntary and knowing waiver of his rights.

***Id.*** at 15 (some punctuation modified); ***see also id.*** at 16 (Appellant asserting the PSI report that the trial court possessed at the time of sentencing "only made a vague reference to [Appellant's mental health] condition to the [c]ourt"). Appellant claims that "notwithstanding his life-long 'learning disabilities[,]' [he] was not diagnosed with a confirmed psychotic disorder until he began treatment and care for the illness after his incarceration." ***Id.*** at 25 (citation omitted); ***see also id.*** (asserting "a 'learning disability' is vastly different than … a psychotic disorder.").

Appellant maintains he exercised due diligence in presenting his mental illnesses to the PCRA court at the first available opportunity. ***Id.*** at 29. Appellant claims his "mental[] impairment and his [previously] being unrepresented by counsel for many years impacted any ability on his part to bring his claims to the attention of the [PCRA c]ourt." ***Id.***

Finally, Appellant observes that our Supreme Court, in ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004) (discussed *infra*), held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii)[.]" ***Id.*** at 288 (emphasis in original); ***see also*** Appellant's Brief at 14, 29 (discussing ***Cruz***).

The Commonwealth counters "no newly discovered facts exist to except" Appellant's facially untimely petition from the PCRA's timeliness requirement, and the PCRA court thus properly denied relief, as it lacked jurisdiction. Commonwealth's Brief at 5. The Commonwealth points out that in his appellate brief, Appellant "repeatedly refers to his mental deficiencies as 'life-long.' This fact was known not only by [Appellant], but also by his prior counsel and the sentencing [c]ourt." ***Id.*** at 6 (quoting Appellant's Brief at 24, 25) (internal quotation marks added). According to the Commonwealth, "a known mental illness cannot be considered a 'newly discovered fact.'" ***Id.*** at 7; ***see also id.*** (pointing out the record reflects "[Appellant] was treated for his mental health seemingly on several occasions."). Finally, the Commonwealth contends that, to the extent Appellant alleges plea counsel and/or prior PCRA counsel was ineffective, Pennsylvania law is clear that ineffectiveness claims do not constitute an exception to the PCRA's time-bar. ***Id.*** at 7-8 (citing, *inter alia*, ***Commonwealth v. Breakiron***, 781 A.2d 94, 100 (Pa. 2001) ("Our Court has expressly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the

jurisdictional time requirements for filing a PCRA petition." (citations omitted)).

Instantly, in its Rule 1925(a) opinion, the PCRA court determined Appellant's claim failed to establish the requirements of the newly-discovered fact exception:

> [**Appellant's**] **alleged mental illness disability was known to both the** [**trial**] **court and** [**plea**] **counsel when** [**Appellant**] **entered his guilty plea. An argument about the depth or degree of** [**Appellant's**] **mental deficiencies at that time does not fall within the exception of "newly discovered" evidence.** Th[e PCRA] court also notes that when [Appellant] filed his first PCRA petition in 2017, the court, in its April 9, 2018[,] order, found [that Appellant] had waived the issue of ineffective assistance of [plea] counsel regarding [Appellant's] learning disability and history of mental illness, but nonetheless, in an abundance of caution, addressed his claims and deemed them to be without merit. So, as evidenced in the record, this issue clearly is not "newly discovered." The [trial] court noted that when [Appellant] entered his guilty pleas, he indicated on the record that he could read, write, and understand the English language. And although [Appellant] indicated that he had been treated for a learning disability, **he indicated that, at the time of entering his plea, his physical and mental health were presently satisfactory and any medications that he was taking did not interfere with his ability to understand that he was there for the purpose of entering a plea of guilty.** At the time [Appellant] entered his guilty plea, the [trial] court conducted a verbal colloquy on the record to ensure that [Appellant's] general plea was entered knowingly, intelligently, and voluntarily. Nothing in the record or in [Appellant's PCRA petition] demonstrates anything to the contrary. **The court specifically noted that it took into consideration** [**Appellant's**] **history of mental illness.** In fact, the court sentenced [Appellant] in the <u>mitigated</u> range for the reasons that he had a <u>significant mental health history</u> and a drug and alcohol addiction. It is also pertinent that [prior] PCRA counsel stated in his [***Turner/Finley***] no-merit letter that he:

- 16 -

> undertook a comprehensive review of the record to determine what merit, if any, would be available to [Appellant] for a [PCRA] review. [Prior PCRA c]ounsel's review included a review of the Clerk's File, research on applicable statutory and case law, [and] review of the guilty plea as well as the sentencing transcript. [Prior PCRA c]ounsel also reviewed correspondence with [Appellant] and communicated with him.
>
> [No-Merit Letter, 1/10/18, at 2 (unpaginated) (quotation marks omitted; some punctuation modified).] **It is clear that** [**plea**] **counsel, the court, and** [**prior**] **PCRA counsel were well aware of** [**Appellant's**] **mental health history** …. [Appellant's] claims that [prior] PCRA counsel did not speak with [Appellant,] or that this is the first time [that Appellant] could raise his claims of ineffective assistance of counsel, are also false.

PCRA Court Opinion, 6/25/25, at 5-6 (bold emphasis added; underline in original; some capitalization and punctuation modified).

Viewing the record in the light most favorable to the Commonwealth, as the prevailing party below, we conclude that the PCRA court's determination is supported by the record and free from legal error. *See*, *e.g.*, *Commonwealth v. Shaw*, 217 A.3d 265, 272 (Pa. Super. 2019) (affirming the denial of a PCRA petition as untimely filed, holding that "the very existence of [the a]ppellant's mental challenges did not qualify as a 'new fact' for purposes of satisfying [the newly-discovered fact] time-bar exception. [The a]ppellant knew then what he now claims is a 'new fact.'" (internal citations omitted)). Our review of the certified record makes clear that Appellant (1) has not acted with the requisite due diligence; and (2) was aware that he was suffering from, and being medicated for, mental illnesses (not merely a

learning disability alone) ***prior* to entering his guilty pleas** in Case 623 and Case 624. ***See*** Guilty Plea Petition, 7/11/16, ¶¶ 11(d), 13 (Appellant representing he previously received mental health treatment and was prescribed medications for bipolar disorder and depression). To the extent Appellant points to more recent psychological assessments,[13] as stated *supra*, the exception in subsection 9545(b)(1)(ii) provides relief for "newly discovered facts, not [] a newly discovered or newly willing source for previously known facts." ***Marshall***, 947 A.2d at 720 (citation and emphasis omitted); ***Mickeals***, 335 A.3d at 24 (same).

The record further confirms Appellant's mental health diagnosis was considered at sentencing. ***See***, ***e.g.***, N.T., 10/11/16, at 7 (Appellant stating, prior to the imposition of sentence, that he (1) had been diagnosed with bipolar disorder and an unspecified "learning disability," (2) occasionally experiences "psychotic episodes where [he heard] things"; and (3) received Social Security disability payments based on these conditions for "[m]ostly all my life."). Indeed, the sentencing court expressly stated it (1) deemed it appropriate to impose mitigated-range sentences based, in large part, upon

---

[13] In Appellant's brief, PCRA counsel asserts that, during his investigation into Appellant's case, he discovered records related to "[Appellant's] extensive and on-going mental health treatment by the P[ennsylvania] Department of Corrections ("DOC") over the years." Appellant's Brief at 22; ***see also id.*** at 28 (Appellant asserting that "the true nature of [his] disability[] was actively treated by [DOC personnel] for nearly ten [] years and to date. …. The DOC evidence was provided to the Commonwealth prior to" the PCRA court's ruling on Appellant's instant PCRA petition. (record citations omitted)).

its consideration of Appellant's mental health conditions and drug addiction, *id.*, at 13; and (2) "understand[s] the history of mental health problems and [Appellant's] diagnosis[.]" *Id.* at 10.

Moreover, Appellant fails to point to any evidence that rendered him mentally incompetent to discover the facts necessary to raise substantive PCRA claims, in order to avail himself of the limited holding of *Cruz*, *supra*.[14] This Court has stated that "[o]nly under a **very limited circumstance** has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080-81 (Pa. Super. 2010) (emphasis added); *Shaw*, 217 A.3d at 271 (stating that the "limited holding" in *Cruz* has been construed "narrowly."). "[**T**]**he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements.**" *Monaco*, 996 A.2d at

_____

[14] In *Cruz*, the defendant shot and killed several people and then shot himself, resulting in severe brain injury; he was therefore "unable to discuss the facts of the case in a sensible way" at the time he pled *nolo contendere* to certain charges. *Cruz*, 852 A.2d at 288-89. The *Cruz* Court recognized the PCRA does not include an exception for mental incapacity, but held that, "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory [newly-discovered fact] exception," particularly where the incapacity affects the petitioner's ability to communicate and raise his or her PCRA claims. *Id.* at 293.

1081 (emphasis added)[15] (citing **Commonwealth v. Hoffman**, 780 A.2d 700, 703 (Pa. Super. 2001) (stating, "[a]lthough other areas of the law may be structured to accommodate mental illness, the PCRA time restrictions are not. …. Additionally, equitable principles such as equitable tolling are not applicable due to the jurisdictional nature of the PCRA time limits.") (citation omitted)); **Shaw**, 217 A.3d at 271 (same).

Akin to the situation in **Monaco**, "Appellant does not allege his [mental health conditions] impaired his mental ability to raise or communicate his claim; thus, Appellant's [conditions do] not fall within the narrow **Cruz** holding." **Monaco**, 996 A.2d at 1083. The unique circumstances presented in **Cruz** are distinguishable because Appellant does not suggest that his alleged incompetency prevented him from raising a timely, post-conviction challenge to his competency to enter his plea. Rather, the record reflects Appellant fully participated in his plea hearing, exhibited no communication difficulties, and represented that his mental health conditions (and the medications he was taking for these conditions) did not prevent him from tendering a knowing, intelligent, and voluntary plea. **See** Guilty Plea Petition, 7/11/16, ¶¶ 11(c) (Appellant stating that he was able to read and write the

---

[15] This Court held in **Monaco** that the PCRA petitioner's diagnosis of post-traumatic stress disorder (PTSD) "does not fall within the narrow **Cruz** holding[,]" where the petitioner suspected he suffered from PTSD years prior to filing his PCRA petition and "failed to explain … why he could not or did not obtain [a psychological] evaluation to establish a definite diagnosis of PTSD at an earlier date." **Monaco**, 996 A.2d at 1082, 1083.

English language), 12 (Appellant representing his "physical and mental health" is "presently satisfactory"), 13 (Appellant stating that although he took medications for bipolar disorder and depression, the medications do not "interfere with [his] ability to understand" the guilty plea proceedings); **see also generally** N.T. (guilty plea hearing), 7/11/16.

Finally, to the extent Appellant argues he is entitled to collateral relief based upon plea counsel's, and prior PCRA counsel's, ineffectiveness, **see** Appellant's Brief at 17, 28-29, it is settled that "a petitioner's claims [] couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." **Commonwealth v. Lesko**, 15 A.3d 345, 367 (Pa. 2011); **Breakiron**, 781 A.2d at 100 (same).

Based on the foregoing, we conclude the PCRA court did not err in determining that Appellant failed to plead and prove the requirements of the newly-discovered fact exception; his mental health conditions do not qualify as a "new fact" for purposes of satisfying the exception. **See Monaco**, 996 A.2d at 1081; **Shaw**, 217 A.3d at 271. Appellant's first two issues do not merit relief.

In his final issue, Appellant claims the PCRA court erred in denying his request for an evidentiary hearing based upon his failure to attach witness

certifications to his PCRA petition, consistent with 42 Pa.C.S.A. § 9545(d).[16]

*See* Appellant's Brief at 31-33. However, this issue entitles Appellant to no relief because we have already determined that his PCRA petition is untimely, and Appellant has not satisfied any exception to the PCRA's time bar. ***See Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa. Super. 2023) ("There is no absolute right to an evidentiary hearing on a [PCRA] petition, and if the

---

[16] Section 9545(d) governs evidentiary hearings in PCRA proceedings and provides, in relevant part, as follows:

**(1)** The following apply:

**(i)** Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

**(ii)** If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. ….

**(iii)** Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1); ***see also*** Pa.R.Crim.P. 902(A)(15).

PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." citation omitted)); *see also Commonwealth v. Castro*, 93 A.3d 818, 828 (Pa. 2014) (emphasizing that a PCRA evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support [a petitioner's] speculative claim." (citation and brackets omitted)).

Based upon the foregoing, we discern no error of law or abuse of discretion in the PCRA court's denial of Appellant's second PCRA petition. The petition is facially untimely and Appellant failed to plead and prove any exception to the PCRA's jurisdictional time-bar. Accordingly, the PCRA court lacked jurisdiction to address the underlying claims raised by Appellant, and this Court is without jurisdiction to address those claims on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/4/2026